IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHELE L. THOMAS,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>*Commissioner of Social Security*,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-612<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 12th day of August, 2021, having considered the parties' motions for summary judgment, the Court will order summary judgment in Defendant's favor except as to costs.[1] The Commissioner of Social Security's ("Commissioner") final decision wherein the Commissioner denied Plaintiff's application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. and § 1381 *et seq.*, is supported by substantial evidence and, therefore, shall be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).[2]

---

[1]    Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2]    Plaintiff challenges the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income, arguing that this Court cannot find the decision is supported by substantial evidence where the Administrative Law Judge ("ALJ") overlooked or rejected certain evidence without adequate explanation. Having reviewed the decision and record, the Court is largely unpersuaded of the alleged deficiencies. And while the ALJ's explanation of her consideration of evidence that Plaintiff used a cane is lacking, such error did not affect the outcome of Plaintiff's case. Accordingly, the Court will affirm the decision.

Plaintiff argues the ALJ did not "acknowledge or discuss" evidence pertaining to her "right-sided hemiplegia," affected gait, use of a right leg brace, and intermittent reliance on a

"single point cane." (Doc. No. 17, pg. 12).  She further argues that the ALJ "totally ignored" physical therapy records from OSPTA that indicated she suffered from left-knee pain and relied upon a cane for movement and balance.  (Doc. No. 17, pgs. 12—14).  Plaintiff alleges that, had the ALJ appropriately considered this evidence, she would have included more significant limitations in Plaintiff's residual functional capacity ("RFC"), which would have led to a finding of disability.

In its consideration of Plaintiff's arguments, the Court is mindful that its role is solely to ensure the ALJ's decision is supported by substantial evidence.  *Biestek*, 139 S. Ct. at 1152.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1154 (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Reviewing courts may find a decision is supported by substantial evidence even where the evidence could support a different conclusion.  *See Orr v. Comm'r Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020).  Further, reviewing courts are not "empowered to weigh the evidence or substitute [their] conclusions for those of the fact-finder."  *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Though the standard is deferential, reviewing courts cannot defer to decisions they do not understand.  *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (citing *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979)) (emphasizing that when it is not evident the fact-finder "analyzed all evidence" and "explained the weight" afforded "obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'").  Accordingly, the ALJ's decision must be thorough and clear enough to permit understanding of the rationale undergirding the decision.  *Id.*  When a decision comes up short in this regard, *e.g.*, the ALJ neglects probative evidence or fails to explain what evidence supported the decision and why other evidence was rejected, a reviewing court may not "rectify errors, omissions or gaps . . . by supplying additional findings from its own independent analysis of portions of the record which were not mentioned or discussed by the ALJ."  *Cefalu v. Barnhart*, 387 F. Supp. 2d 486, 491 (W.D. Pa. 2005) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001)).  This restriction is grounded in "the teaching of . . . *Chenery* . . . that 'the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'"  *Fargnoli*, 247 F.3d at 44 n.7 (citing *SEC v. Chenery Corporation*, 318 U.S. 80 (1943)).

Reviewing the ALJ's decision according to this standard, the Court does not find the ALJ failed to acknowledge, *i.e.*, neglected, evidence of Plaintiff's right-side hemiplegia, hemiplegic gait, use of a right-leg brace, or use of a cane.  Nor does the Court find the ALJ neglected Plaintiff's OSPTA physical therapy records generally or as they reflected the condition of her left knee.  The ALJ recognized Plaintiff's right-sided hemiplegia among her severe, medically determinable impairments.  (R. 18, 21).  She acknowledged Plaintiff's representations of associated symptoms, such as numbness, tingling, hypersensitivity, difficulty walking more than ten to fifteen minutes, and decreased strength.  (R. 21—22).  The ALJ also acknowledged

2

Plaintiff's representations of her resultant limitations, including poor balance, limited postural movements (lifting, squatting, bending, etc.), poor sleep, and difficulty walking, sitting, standing, remembering, concentrating, and using her hands.  (R. 21).

The ALJ also considered objective medical evidence and opinion evidence related to Plaintiff's hemiplegia and affected gait, as well as her use of a leg brace and cane.  This included treatment notes from Plaintiff's neurologist, Dr. Kay who indicated Plaintiff's 2012 stroke resulted in "weakness, paresthesia, and dysarthria in the right side of her body."  (R. 22 (citing Ex. B5F at R. 498)).  It also included records from Plaintiff's subsequent treatment.  (R. 22).  The ALJ indicated that she considered Plaintiff's physical therapy records.  (R. 22 (citing Ex. B7F, B9F, and B17F)).  From those records, the ALJ determined Plaintiff's symptoms had improved with consistent treatment.  (R. 22).  The ALJ also considered medical opinion evidence, including the consultative examiner ("CE") Dr. Berg's opinion that Plaintiff had "a grossly normal gait with and without assistance of her brace and gait [sic]" with some difficulty walking on heels or toes.  (R. 22 (citing Ex. 11F at 729)).  She specifically addressed Dr. Berg's supplemental clarification that Plaintiff's mobility was "more stable with a cane or brace."  (R. 23 (citing Ex. B11F at R. 726)).  From this evidence, the ALJ concluded Plaintiff's impairments were not "debilitating."  (R. 23).  However, she recognized that Plaintiff was limited by the lingering effects of her stroke, particularly in "her ability to ambulate, perform certain nonexertional movements, and tolerate certain environmental hazards."  (R. 23).  Because of those limiting residuals, the ALJ fixed Plaintiff's RFC at light work with four-hours of standing and walking and further "manipulative, postural, and environmental limitations."  (R. 23).

In that analysis, the Court detects no oversight of obviously probative evidence.  The ALJ evaluated evidence pertaining to Plaintiff's right-sided hemiplegia and gait but found the record did not support the full extent of her asserted limitations.  Further, the four-hour limitation the ALJ imposed on Plaintiff's standing and walking was consistent with the State Agency medical consultant's opined four-hour limitation.  (R. 96).  To the extent the ALJ did not fully credit that opinion, she explained that the opinion did not "fully address the totality of the claimant's limitations" and found "additional manipulative and environmental limitations" were warranted.  (R. 23).  Concerning the CE's opinion, the ALJ deviated from his opined three-hour standing and walking limitation.  (R. 23).  However, she provided an explanation for that decision, that is, the CE arrived at his opinion before Plaintiff experienced improvement from continued physical therapy.  (R. 23).  The Court is satisfied with that explanation and that the ALJ's inference of improvement is supported by the evidence.  For instance, in November 2016, Plaintiff reported that she was experiencing increased shoulder pain and difficulty using her upper right extremity. (R. 544).  But in March 2017, Plaintiff reported that her arm was "doing better" (R. 1076), and that improvement appeared to continue into 2018.  (R. 1157 ("Pt reports that she feels that she continues to benefit from therapy.  Pt notes that she gets relief and her pain levels have decreased.")).  The Court finds no fault in the ALJ's decision to partially reject opinion evidence where she provided an explanation and that explanation was not unreasonable.  *See Cotter*, 642 F.2d at 706 ("[T]he ALJ cannot reject evidence for no reason or for the wrong reason").

Neither does the Court find the ALJ neglected Plaintiff's OSPTA physical therapy records. In her decision, the ALJ repeatedly referenced Plaintiff's physical therapy records and their content as it reflected the condition of Plaintiff's left and right upper and lower extremities. The ALJ observed that the physical therapy records indicated Plaintiff's "symptoms waxed and waned" but did not "prevent her from engaging in any work-related functions." (R. 22). She found the records to be particularly informative insofar as they indicated Plaintiff improved with consistent treatment. (R. 22 (citing Ex. B7F, B9F, and B17F)). As indicated *supra*, the Court is satisfied from its review of the record that the ALJ's interpretation of this evidence was reasonable. Plaintiff's physical therapy records indicate she started therapy because of right-side weakness from her 2012 stroke, that she subsequently experienced left-knee pain, and used a single point cane "at times." (R. 1107). Though Plaintiff suffered some setbacks, like falling when her leg buckled, she was further observed to have "made excellent gains with PT." (R. 1109). The ALJ reasonably concluded from that evidence that Plaintiff improved with consistent treatment. And while the ALJ did not recount "every relevant treatment note" in Plaintiff's OSPTA records, *Fargnoli*, 247 F.3d at 42, they were not ignored.

Plaintiff's challenge to the ALJ's decision is strongest insofar as she argues the ALJ failed to provide an adequate explanation for leaving a cane out of Plaintiff's RFC. Evidence in the record does appear to indicate that Plaintiff used a cane at least some of the time for ambulation and stability. (R. 96, 729, 1107). And while the ALJ acknowledged that evidence (R. 23), she did not explain why she opted against including a cane in Plaintiff's RFC. (R. 20—21). Such an oversight is problematic but not necessarily prejudicial, which is a stumbling block for Plaintiff who must demonstrate how an error adversely affected her to justify remand. *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409, 413 (2009)) (explaining that the harmless error doctrine prevents needless remands). The Court cautiously employs the harmless error doctrine when it reviews the Commissioner's decisions, *see Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010), but finds its application is appropriate here.

While the ALJ should have explained how she arrived at an RFC without a cane, the vocational expert's ("VE") testimony demonstrates that adding a cane into the RFC would not have affected the outcome of this case. At Plaintiff's hearing before the ALJ, the ALJ asked the VE a series of questions to ascertain what work would be available to someone with Plaintiff's same abilities. (R. 69—74). The VE testified that light-work jobs would be available to persons of Plaintiff's same age, education, work experience, and RFC. Plaintiff's attorney asked the VE whether those jobs would remain available to an individual who also "would be required to use a cane to ambulate." (R. 74). The VE confirmed that the addition of a cane for ambulation would not affect her testimony. (R. 75). The ALJ repeated that testimony back to the VE, asking whether an individual who needed "an assistive device," like a cane, "100% of the time in order to ambulate" could perform the identified light-work jobs. (R. 79). The VE answered in the affirmative. Because this record clearly indicates that light-work jobs were available to Plaintiff regardless of whether a cane was included or omitted from her RFC, remand would be fruitless. Thus, remand is unwarranted. *Shinseki*, 556 U.S. at 409; *Walck v. Colvin*, No.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

ecf:   Counsel of Record

---

115CV01265CCCGBC, 2017 WL 3405115, at *8 (M.D. Pa. Mar. 17, 2017), *report and recommendation adopted by Walck v. Berryhill*, No. 1:15-CV-1265, 2017 WL 3394399 (M.D. Pa. Aug. 8, 2017) ("The Court may not remand for errors that do not affect the outcome of the case.").

Finally, the Court finds that Plaintiff's argument that the ALJ did not "accurately portray all of [her] functional limitations to the vocational expert" (Doc. No. 17, pg. 15), is but another way of articulating her challenge to the ALJ's RFC determination. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) ("[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). The Court has found the RFC determination is supported by substantial evidence for the reasons articulated in this order. Accordingly, Plaintiff's argument concerning the ALJ's questioning of the VE also fails. For this and the foregoing reasons, the Court will affirm the Commissioner's final decision.